# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDUARDO RODRIGUEZ-RENTERIA,

    Defendant,

-vs-                                                 Case No.  8:13-cv-1406-T-30EAJ
                                                                        8:09-cr-223-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Dismiss for Lack of Subject Matter Jurisdiction in the Admiralty. (CR Dkt. 137) and his failure to respond to this Court's Order (CR Dkt. 140) issued on April 9, 2013. Upon his failure to respond, the Court construed Petitioner's motion to dismiss as a motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255. (CR Dkt. 142; CV Dkt. 1).

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Circ. 1981) (*en banc*).

record, uncontradicted by [petitioner], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

After a preliminary review, the Court concludes that the petition should be dismissed.

## Background

On May 12, 2009, Petitioner was arraigned on a grand jury indictment charging him with two counts:

1. conspiracy to operate and embark; and
2. operating and embarking, while aiding and abetting others to operate and embark,

"by any means in a semi-submersible vessel without nationality, with intent to evade detection into, through, and from waters beyond the outer limit of the territorial sea of a single country." (CR Dkt. 1). A superseding indictment on June 14, 2009 added two additional counts:

3. conspiracy to possess with intent to distribute; and
4. possession with intent to distribute, while aiding and abetting others to possess with intent to distribute,

five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, "while aboard a vessel subject to the jurisdiction

of the United States." (CR Dkt. 45). Petitioner pled guilty as charged to all counts on September 9, 2009. (CR Dkt. 79).

This Court sentenced Petitioner to concurrent terms of 120 months of imprisonment for each count, to be followed by five (5) total years of supervised release. (CR Dkt. 103). On January 21, 2010, this Court entered judgment of conviction, (CR Dkt. 63), and Petitioner signed a declaration which stated, "I, Eduardo Rodriguez-Renteria, hereby declare that . . . I do not wish to file a direct appeal in the above styled case." Petitioner did not file an appeal.

On March 28, 2013, Petitioner filed a motion to dismiss for lack of subject matter jurisdiction in the admiralty. (CR Dkt. 137). On April 9, 2013, this Court advised Petitioner of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and ordered Petitioner to advise this Court, on or before May 10, 2013, whether he chose to:

1. proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion to dismiss the indictment;

2. amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3. withdraw his motion.

(CR Dkt. 140, at 3-4).

In its order, this Court noted Petitioner's admission in his sentencing memorandum that "[t]he basic facts . . . are correctly stated in [the Government's] Notice of Maximum

Penalty, factual basis section." (CR Dkt. 101, at 2). That factual basis section stated that the United States Coast Guard took Petitioner into custody "approximately one hundred nautical miles off Costa Rica, in international waters." (CR Dkt. 67, at 3-4). This Court stated that this admission placed Petitioner in international waters, well beyond any territorial sea. (CR Dkt. 140 (citing *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003))).

The Court also warned Petitioner that his motion, upon recharacterization as a 28 U.S.C. §2255 habeas petition, would be subject to the one (1) year period of limitation under § 2255(f). The Court directed Petitioner to address his motion's untimeliness, noting that the limitation period expired on February 5, 2011. (CR. Dkt. 140, at 2).

Rodriguez-Renteria failed to respond to the Court's April 9, 2013 Order. Therefore, the motion to dismiss was construed as a 28 U.S.C.§ 2255 habeas petition, by order of this Court on May 28, 2013. (CR Dkt. 141).

**Timeliness**

The Anti-Terrorism and Effective Death Penalty Act creates a limitation period for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of the conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final on February 5, 2010,[2] Petitioner's limitation period expired one year later, on February 5, 2011.

---

[2] Petitioner's judgment of conviction was entered on January 21, 2010 (CR. Dkt. 63). Because no appeal was filed, the judgment of conviction became final 14 days after the entry of judgment. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires).

Petitioner filed the instant motion to vacate on March 28, 2013. Therefore, Petitioner's motion to vacate is not timely under Section 2255(f)(1).

Furthermore, Petitioner is not entitled to equitable tolling of the limitations period. "[T]he timeliness provision in the federal habeas statute is subject to equitable tolling." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in has way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). Petitioner has not presented any argument to establish that he is actually innocent of the crime charged or that extraordinary circumstances prevented him from timely filing his motion. Therefore, Petitioner is not entitled to equitable tolling of the limitations period, and this Court must dismiss his motion as time-barred.

## Discussion

Even if the petition were not time-barred, it would fail for lack of merit. Petitioner's underlying claim relies on *Bellaizac-Hurtado*, which does not apply to his case. In *Bellaizac-Hurtado*, the Eleventh Circuit ruled that the Maritime Drug Law Enforcement Act, 46 U.S.C. § 7053(a), *et. seq.*, was unconstitutional as applied to the drug-trafficking activities of the defendants in that case, which occurred in the territorial waters of Panama. 700 F.3d 1245, 1258. The Eleventh Circuit held that "Congress exceeded its power, under the Offences

Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id.*

In his sentencing memorandum, Petitioner confirmed that his arrest location was approximately 100 miles off the coast of Costa Rica, in international waters. (Dkt. 63, 103). In the instant motion, Petitioner states that he "was abducted by U.S. agents in the territorial waters of Colombia." (CR Dkt. 137, at 2). This statement is factually inaccurate.

If Petitioner intended to argue that his arrest location, 100 miles off the coast of Costa Rica, should be considered territorial waters, this court notes that the Eleventh Circuit, in *McPhee,* stated that "[t]he United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts." 336 F.3d at 1273. This aligns with the United Nations Convention on the Law of the Sea, art. 2, Dec. 10, 1982, 1883 U.N.T.S. 397,[3] which states that "[e]very state has the right to establish the breadth of its territorial sea up to a limit not exceeding 12 nautical miles." Petitioner does not explain why this Court is not required to follow Eleventh Circuit precedent and recognize territorial waters as "up to twelve nautical miles adjacent to recognized foreign coasts." *McPhee*, 336 F.3d at 1273 According to this definition, Petitioner was arrested in international waters, and *Bellaizac-Hurtado* does not apply.

Accordingly, the Court **ORDERS** that Petitioner's motion to dismiss, recharacterized as a motion to vacate under 28 U.S.C. § 2255, is **DISMISSED**. The **Clerk** is directed to close civil case number 8:13-cv-1406-T-30EAJ.

---

[3]Available at http://www.un.org/Depts/los/convention_agreements/convention_ overview_convention.htm

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has not made this showing.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-1406.dismiss 2255.wpd