UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS CORDOBO-RODRIGUEZ,

    Petitioner,

v.                                  CASE NO: 8:13-CV-23-T-30EAJ
                                         Crim. Case No: 8:09-CR-223-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Petition") (CV Dkt. #1) and Memorandum in support (CV Dkt. #2) filed on January 2, 2013. The Government responded in opposition (CV Dkt. #7) on April 10, 2013. There are two deficiencies in the Petition: (1) the case on which Petitioner relies, *U.S. v. Bellaizac-Hurtado*, 700 F.3d 1245 (2012), is inapplicable to the instant case; and (2) the Petition is outside the one-year filing limitation period, and therefore time-barred pursuant to § 2255(f)(1).

## BACKGROUND

Petitioner claims that he is actually innocent, and that the Court lacked jurisdiction to hear his case. Petitioner also claims he had ineffective assistance of counsel for failing to raise the jurisdictional issue.

1

Petitioner executed a plea agreement on September 23, 2009, and pled guilty to: (1) while being on "a vessel subject to the jurisdiction of the United States, conspir[ing] to operate and embark by any means in a semi submersible vessel without nationality and with the intent to evade detection into, through, or from waters beyond the outer limit of that country's territorial sea with an adjacent country,"[1]; and (2) "conspiracy to possess with intent to distribute five (5) or more kilograms of cocaine and one thousand (1000) kilograms or more of marijuana, while on board a vessel subject to the jurisdiction of the United States."[2] The Court sentenced Petitioner to 135 months incarceration, which was later amended to 87 months.

## **DISCUSSION**

Petitioner contends he is actually innocent because this Court lacked jurisdiction over him. For support he relies on the *Bellaizac-Hurtado* case. 700 F.3d at 1245-62. This Court will address first jurisdiction and the application of *Bellaizac-Hurtado* case, then the pertinent issue of timeliness.

---

[1] Both (1) & (2) make up count one that is a violation of 18 U.S.C. §§ 2285(a) and (b). "Whoever knowingly operates, or attempts or conspires to operate, by any means, or embarks in any . . . semi-submersible vessel that is without nationality and that is navigating or has navigated into, through, or from waters beyond the outer limit of the territorial sea of a single country or a lateral limit of that country's territorial sea and with an adjacent country, with intent to evade detection, shall be fined . . . , imprisoned not more than 15 years or both." 18 U.S.C. § 2285(a). And, "configuration of the vessel to ride low in the water or present a low hull profile to avoid being detected visually or by radar." 46 U.S.C. § 70507(1)(A).

[2] This makes up count three that is a violation of 46 U.S.C. §§ 70503(a)(1), "[a]n individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board . . . a vessel subject to the jurisdiction of the United States;
70506(a), punishment according to the Abuse Prevention and Control Act of 1970,; 70506(b),; and 21 U.S.C. § 960(b)(1)(B)(ii).

### *U.S. v. Bellaizac-Hurtado* and Ineffectiveness Assistance of Counsel

Petitioner claims "Congress was never given the power to gran[t] the Justice Department power to prosecute drug offenses committed in other countries['] territorial water." It is true that this is the holding of *U.S. v. Bellaizac-Hurtado*, 700 F.3d at 1245, which is applicable to persons apprehended in territorial waters of foreign countries. But, this case does not apply to Petitioner because he was apprehended in international waters.

In *U.S. v. Bellaizac-Hurtado*, the 11th Circuit held that the Offenses Clause of the Maritime Drug Law Enforcement Act (MDLEA) was unconstitutional in its application because drug trafficking is not a violation of customary international law. 700 F.3d at 1258. In that case, defendants were found and captured in Panamanian territorial, not international, waters. Thus, United States did not have jurisdiction.

The instant case is distinguishable from *U.S. v. Bellaizac-Hurtado* because Petitioner was on board a vessel in international waters when taken into custody. (CR Dkt. #62). In his Petition, Petitioner states he "was arrested on board a vessel on Costa Rican territorial waters and not in the jurisdiction of the United States." (CV Dkt. #1). But, this is contrary to Petitioner's own admissions in his plea agreement: "[o]n May 6, 2009, US marine patrol aircraft (MPA) sighted an [self-propelled semi-submersible] *approximately one hundred nautical miles off the coast Costa Rica, in international waters*." (CR Dkt. #62) (emphasis added). Moreover, Petitioner agreed that he was a "knowing and willing participant[] in a maritime drug smuggling venture *in the international waters*." (CR Dkt. #62) (emphasis added).

Petitioner's claims lack merit because "[t]he United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts." *U.S. v. McPhee*, 336 F.3d 1269, 1273 (2003). Petitioner was clearly outside Costa Rican territorial waters. He will not now be heard to refute his admissions to the Court.

Petitioner further claims *Bellaizac-Hurtado* overturned *U.S. v. Tinoco*, 304 F.3d 1088 (2002), which held the MDLEA constitutional as to persons apprehended in international waters. Petitioner is mistaken. In *Bellaizac-Hurtado*, the 11th Circuit expressly states they "have always upheld extraterritorial convictions under our drug trafficking laws as an exercise of power under the Felonies Clause." 700 F.3d at 1257. Thus, it is clear that *Bellaizac-Hurtado* did not overturn *Tinoco*.

Lastly, Petitioner claims that he received deficient legal assistance because his lawyer did not argue that the MDLEA was unconstitutional and that the Court lacked jurisdiction. However, as explained, these claims are without merit. Therefore, the Petitioner's ineffective assistance of counsel claim is without merit. It is not ineffective assistance to fail to make meritless arguments.

**Time Bar and Actual Innocence**

This case is barred by the one-year limitation. Under 28 U.S.C. § 2255(f)(1), "[a] 1-year period of limitation shall apply to a [2255] motion . . . . The limitation period shall run from . . . the date on which the judgment of conviction becomes final." Petitioner's conviction was entered on December 21, 2009. (CR Dkt. #96). Petitioner had ten days from the judgment, until December 31, 2009, to appeal. Petitioner did not appeal, and

4

therefore the one-year limitation period began to run December 31, 2009, and expired December 31, 2010. The amended sentence does not reset the one-year limitation period. *Murphy v. U.S.*, 634 F.3d 1303 (11th Cir. 2011). Consequently, this Petition is time-barred because it was filed on January 2, 2013, over two years past the limitation expiration. Therefore, the Petition must be dismissed unless Petitioner can show entitlement to equitable tolling or that he is factually innocent.

A § 2255 petition's one-year limitation period "may be equitably tolled." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). Equitable tolling "'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Jones v. U.S.*, 304 F.3d 1035 (11th Cir. 2002) (quoting *Sandvik*, 177 F.3d at 1271). For instance, a showing of new evidence that disproves Petitioner's charges could be germane to allow equitable tolling. *Jones*, 304 F.3d at 1041. This remedy is permitted only in rare occasions. *Id.* at 1038. Petitioner does not claim equitable tolling, thus this is not an issue.

Instead of equitable tolling, Petitioner claims he is actually innocent of his charges. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614 (1998). Here, Petitioner does not claim that he did not commit the crime, only that this Court did not have jurisdiction over the crime committed. Thus, Petitioner does not meet this burden and the Petition is time-barred.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.    1.    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (CV Dkt. #1) is DENIED.

2.    The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3.    The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#133, in the underlying criminal case, case number 8:09-cr-223-T-30EAJ.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)

(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED at Tampa, Florida on this 19th day of July, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-23 deny 2255.docx